NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAEK SANG YOON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LEE, Physician CRC; et al., <br><br> Defendants-Appellees. | No. 16-56780 <br><br> D.C. No. 2:11-cv-06792-VAP-KK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Taek Sang Yoon, a former California state prisoner, appeals pro se from the

district court's summary judgment and dismissal orders in his 42 U.S.C. § 1983

action alleging various constitutional claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004) (summary judgment); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment for defendant Dr. Raju because Yoon failed to raise a genuine dispute of material fact as to whether Dr. Raju was deliberately indifferent in the treatment of Yoon's serious dental needs. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

The district court properly dismissed Yoon's Eighth Amendment claim alleging deliberate indifference to his serious medical needs because Yoon failed to allege facts sufficient to show that defendants were deliberately indifferent to his heart condition and other medical issues. *See id.*

The district court properly dismissed Yoon's Fourteenth Amendment equal protection claim against defendant Scott because Yoon failed to allege facts sufficient to show that Scott discriminated against him based on his "race, age, or skin color." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim . . . , [a plaintiff] must allege

facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." (citation and internal quotation marks omitted)); *cf. Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1292 (9th Cir. 2004) (applying rational basis review to federal classifications based on alienage).

To the extent that Yoon seeks to challenge the dismissal of his access-to-courts claim arising from defendant Demase allegedly misinforming him about his release date, the district court properly dismissed this claim because Yoon failed to allege facts sufficient to show that he suffered an actual injury because of Demase's alleged conduct. *See Lewis v. Casey*, 518 U.S. 343, 348-55 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

The district court properly dismissed Yoon's claims for damages against defendants in their official capacities because defendants are entitled to Eleventh Amendment immunity. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (Eleventh Amendment bars suits against state officials sued in their official capacities absent unequivocal consent by the State).

The magistrate judge concluded that Yoon stated an Eighth Amendment deliberate indifference to safety claim in his second amended complaint because Yoon alleged facts sufficient to show that defendants Durant, Gray, Pinedo, and

Saaveda knew of and disregarded an excessive risk to his safety. *See Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (setting forth elements of an Eighth Amendment claim against prison officials for failure to protect inmates from violence by other inmates). However, the magistrate judge's final recommendation of Yoon's second amended complaint did not specifically address this claim. The district court adopted the magistrate judge's findings and recommendation without stating whether it permitted Yoon to proceed on this claim. Because the district court appears to have overlooked Yoon's deliberate indifference to safety claim, we vacate the judgment in part and remand for further proceedings as to this claim only.

The district court did not abuse its discretion in denying Yoon's motions for appointment of counsel because Yoon failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

Yoon's request to proceed in forma pauperis, set forth in his opening brief, is denied as unnecessary.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

16-56780